IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| AMERISURE MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 11-00966-CV-W-BP |
| WALTON CONSTRUCTION COMPANY, LLC, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

This matter comes before the Court on Defendant Walton Construction Company, LLC's ("WCC") and Defendant Mid-States Excavating, Inc.'s ("Mid-States") Joint Motion to Dismiss, (Doc. 53), Plaintiff Amerisure Mutual Insurance Company's ("Amerisure") Motion for More Definite Statement, (Doc. 55), and Defendant Southwestern Bell Telephone Company's ("AT&T") Notice of Adoption of the Joint Motion to Dismiss, (Doc. 57). These Defendants request that this Court abstain from hearing and instead dismiss this action in favor of parallel state court actions. Amerisure contends that the actions pending in state court are not parallel to this action and that this Court should exercise its jurisdiction over this action. For the reasons stated below, Defendants' Motions will be granted, and Amerisure's Motion will be denied as moot.

## I.   BACKGROUND

On December 8, 2006, The Children's Mercy Hospital ("Children's Mercy") and WCC entered into a construction contract that provided in part for excavation and grading work. WCC, the contractor, subsequently entered into a sub-contract with Mid-States, which agreed to

perform the excavation and grading project. At the time of the excavation project, WCC was covered under a commercial general liability insurance policy issued by St. Paul Travelers. Mid-States was covered under a commercial general liability insurance policy issued by Amerisure, with WCC as an additional insured. AT&T filed separate lawsuits in the Circuit Court of Jackson County, Missouri against Mid-States and WCC, alleging in each action that the respective defendant's negligence relating to the excavation project caused damage to AT&T's telecommunication facilities.

Amerisure initially undertook the defense of Mid-States, subject to a complete reservation of rights, but refused to defend WCC. Mid-States notified Amerisure that if it did not withdraw its reservation of rights and indemnify Mid-States for damages, Mid-States would enter into an agreement with AT&T. WCC also demanded that Amerisure defend and indemnify it or WCC would enter into an agreement AT&T. Amerisure maintained its refusal to indemnify either party and did not withdraw its reservation of rights. Mid-States, WCC, and AT&T then entered into separate agreements. The agreement with Mid-States provided that any judgment entered against Mid-States would be executable only against the proceeds from the Amerisure insurance policy, and no other assets could be collected against Mid-States in satisfaction. The agreement with WCC provided that a judgment entered against it would only be executable against the proceeds from the Amerisure or Travelers policies.

Amerisure filed the instant declaratory judgment, requesting that the Court adjudicate the rights and liabilities of the parties. On February 22, 2012, after trials on the merits, the state court entered judgments in favor of AT&T against both Mid-States and WCC. AT&T then filed equitable garnishment actions in state court against Amerisure to apply the insurance proceeds in satisfaction of the respective judgments, as well as an equitable garnishment action against

Travelers in relation to its coverage of WCC.  These actions are currently pending.  On August 16, 2012, AT&T voluntarily dismissed without prejudice WCC and Mid-States from the respective equitable garnishment cases.  The state court also granted Children's Mercy's application to intervene in the actions.  Thus, AT&T, WCC, and Mid-States move to dismiss due to pending state actions, which they argue will resolve fully all the issues that are raised herein.  Children's Mercy subsequently filed its Suggestions in Support of the Joint Motion to Dismiss.

## II.  ANALYSIS

The Court first finds that the declaratory action before this Court and the actions pending in state court are parallel.  The federal and state actions each seek to determine the rights and liabilities of Amerisure and Defendants with respect to the commercial general liability insurance policy and in connection with the excavation project.  This action and the state court equitable garnishment actions involve substantially the same parties and substantially the same issues.

Pursuant to the federal Declaratory Judgment Act, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201(a).  "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995).  Because this action involves pending lawsuits — two in state court and one in federal court — the Court is guided by the analysis of the Supreme Court in *Wilton*.  There, the Supreme Court "considered the appropriate standard governing a district court's decision to dismiss or stay a federal declaratory judgment action during the pendency of a parallel state court proceeding," adopting the standard it previously set forth in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942).  *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000).

The Court in *Brillhart* recognized that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495. Therefore, a district court must consider "whether the issues in controversy between the parties to the federal action . . . can be better settled by the state court." *Capitol Indem.*, 218 F.3d at 874. In weighing whether to exercise its jurisdiction, the court should consider "the scope of the pending state court proceeding and the nature of defenses open there. . . . [as well as] whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, [and] whether such parties are amenable to process in that proceeding." *Wilton*, 515 U.S. at 283.

First, the Court finds that the issues in controversy between the parties to this action can be better settled by the state court. In both the state court actions and this action, the parties seek a declaration of their rights and obligations with respect to payment of liability coverage in the insurance policy. Thus, the same issue is present in each proceeding.

Next, the issue to be resolved in the state court lawsuit and this lawsuit involve contract interpretation. *TNT Speed & Sport Ctr., Inc. v. Am. States Ins. Co.*, 114 F.3d 731, 732 (8th Cir. 1997) ("[t]he interpretation of insurance policies is governed by state law."). Thus, federal law does not govern the parties' dispute. Further, the parties in the state court lawsuits include WCC, an additional insured on the policy, Amerisure, AT&T, Mid-States, and Children's Mercy. Thus, as the record is presented to the Court, all necessary parties are already joined to the state court actions. *See Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005) ("[s]uits are parallel if substantially the same parties litigate substantially the same issues in different forums.") (internal quotations and citations omitted). Logically, AT&T brought the parallel state

actions in the same jurisdiction in which it previously obtained judgments against both WCC and Mid-States.

Further, the nature of the state court actions provide a better forum for the claims of all parties in interest to be satisfactorily adjudicated. Because the state court actions are more comprehensive and include all parties in interest, it would be uneconomical and inefficient for the Court to exercise jurisdiction and require litigation of the same issue in an additional separate action.

### III. CONCLUSION

As explained above, the action before this Court and the actions pending in state court constitute parallel proceedings. Therefore, having thoroughly considered the circumstances of this case and the relief sought by each party, the Court finds that the actions pending in state court are the more appropriate actions to fully resolve the parties' dispute.

Accordingly, it is hereby **ORDERED** that Defendant Walton Construction Company, LLC's and Defendant Mid-States Excavating, Inc.'s Joint Motion to Dismiss, (Doc. 53), to which Defendant Southwestern Bell Telephone Company's joins in its Notice of Adoption, (Doc. 57), is **GRANTED**. Plaintiff Amerisure Mutual Insurance Company's ("Amerisure") Motion for More Definite Statement, (Doc. 55) is therefore **DENIED as moot**.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT

DATED: October 2, 2012

Kansas City, MO